[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON COLLATERAL SOURCE
The jury in the above entitled action awarded plaintiff the sum of $7,036.00 economic damages and $15,000.00 non-economic damages for a total verdict of $22,036.00. Defendant requested a hearing on collateral sources. Plaintiff had been paid $5,000 under his basic reparations provision of his own insurance policy.
Prior to January 1, 1994, Connecticut General Statutes § 38a-369 provided for subrogation, in that an insurer paying no-fault benefits had the right to a lien on proceeds of a judgment and defendant would not be entitled to a reduction in verdict based on a payment by its insurer. However, that statute was repealed effective January 1, 1994. The collision in this case took pace on January 12, 1994, although the plaintiff's insurance policy was in effect from August, 1993.
Connecticut General Statutes § 52-225b defines collateral sources as follows:
 1. Any health or sickness insurance automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or
2. Any contract or agreement of any group organization, CT Page 1024 partnership or corporation to provide, pay for or reimburse the cost of hospital, medical, dental or other healthcare services.
Therefore the court finds that the collateral source provisions apply and reduces plaintiff's verdict by $5,000 (paid by plaintiff's insurer) less the insurance cost to plaintiff of $325.90 being the cost to insure the car in question and not merely the cost of basic reparations benefits since one could not purchase same exclusive of the entire policy.
The court therefore enters judgment for plaintiff in the amount of $17,361.90.
KULAWIZ, J.